

# NUMBER 13-12-00098-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JAMES GONZALEZ A/K/A JAMES A. GONZALES,**       Appellant,

**v.**

**THE STATE OF TEXAS,**       Appellee.

---

### On appeal from the 28th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant James Gonzalez a/k/a James A. Gonzales appeals from his conviction for driving while intoxicated, a third-degree felony as a result of appellant's two prior DWI convictions. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2011). The indictment alleged two additional enhancements for his prior convictions for burglary

and murder, which, if true, subjected appellant to a minimum of twenty-five years' incarceration as a habitual felony offender. *See id.* § 12.42(d) (West Supp. 2011). Appellant entered an open plea of guilty to the charged offense and pleaded true to the four enhancement paragraphs. The trial court sentenced appellant to twenty-five years' incarceration and assessed court costs.

Concluding that the appeal in this case would be frivolous, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that he has diligently reviewed the record and the applicable law and concluding that, in his professional opinion, "there are no grounds of error upon which an appeal can be predicated" and that "the appeal is wholly without merit." *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this

Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served his brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Appellant filed a pro se response on December 21, 2012 and a further reply to the State's brief on April 4, 2013. When appellate counsel files an *Anders* brief and the appellant independently files a pro se brief, the court of appeals has two choices: "[i]t may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We are not required to review the merits of each claim raised in an *Anders* brief or a pro se response—rather, we must merely determine if there are any arguable grounds for appeal. *Id.* at 827. If we so determine, we must remand for appointment of new counsel. *Id.* Reviewing the merits raised in a pro se brief would deprive an appellant of meaningful assistance of counsel. *Id.* Accordingly, we will independently review the record to determine if there are any arguable grounds for appeal.

## II. INDEPENDENT REVIEW

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S.

3

75, 80 (1988). We have reviewed the entire record, counsel's brief, appellant's pro se response, the State's brief, and appellant's reply to the State's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 826–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw, carried with the case on November 6, 2012. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise him of his right to file a petition for discretionary review.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R.

412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed the
16th day of May, 2013.

---

Aᴘᴘ. P. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See* Tᴇx. R. Aᴘᴘ. P. 68.4.